■ JOHN D. KEARNEY, Public Administrator of Richmond County, as Administrator of the Estate of RALPH RICCA, Also Known as FRANCIS RICCA, Deceased, Appellant, v COMMISSIONER OF ENVIRONMENTAL PROTECTION OF THE CITY OF NEW YORK et al., Respondents. [607 NYS2d 206] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in concluding that this combined CPLR article 78 proceeding and action for declaratory relief was premature and not ripe for judicial review. The Chief of respondents' Division of Sewer Regulation and Control determined that use of the sewer running along the subject property's Belair Road frontage was not feasible, and that, therefore, the sewer is unavailable for connection. Petitioner sought a determination of the availability of the Southfield Drain connection without using forms available for that purpose. Petitioner did, however, submit the engineering and architectural documentation required by respondent Department of Environmental Protection (Department). The Department's employees conducted a field inspection, and the Division Chief made his determination. The determination is the same as would have been made had the appropriate forms been used. The letter, insofar as it denies the availability of the requested sewer connection, is a final determination because a determination that a sewer connection is available is a prerequisite to issuance of a building permit or a permit for a sewer connection (see, Administrative Code of City of NY § 24-509 [b]; § 27-909). The petition for article 78 relief is not premature, and the complaint for declaratory relief concerning the availability of the sewer connection is ripe for judicial review (cf., Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, cert denied 479 US 985). Thus, we modify the judgment appealed from by reinstating the petition and that portion of the complaint seeking a declaration concerning sewer availability. We reach

a different conclusion, however, concerning the request for injunctive relief. An applicant cannot use his property until he obtains, among other things, a building permit and a permit for the sewer connection. Petitioner has not submitted an application for either of those permits. Under the circumstances, an order restraining respondents from interfering with petitioner's proposed use of the premises would be premature. (Appeal from Judgment of Supreme Court, Richmond County, Leone, J.—Dismiss Action and Proceeding.) Present—Green, J. P., Balio, Fallon and Boehm, JJ.